UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X     NOT FOR PUBLICATION
HAROLD WARREN,

                             Plaintiff,          **FILING INJUNCTION ORDER**
                                                                  18-CV-1310 (LDH)
    -against-

TRIPLE CROWN MAFFUCCI STORAGE,

                             Defendant.
-------------------------------------------------------------X

LaSHANN DeARCY HALL, United States District Judge:

       On March 2, 2018, *pro se* Plaintiff Harold Warren[1] commenced this action on behalf of Vivian Hill against Defendant Triple Crown Maffucci Storage by Order to Show Cause seeking to challenge a debt incurred by Ms. Hill for the storage of her property. (*See* Compl. at 4, ECF No. 1, Proposed Order to Show Cause and Affidavit, ECF Nos. 3-4.) By Memorandum and Order dated April 11, 2018, the Court dismissed with prejudice the Complaint as to Plaintiff and dismissed the Complaint on behalf of Ms. Hill without prejudice. (Memorandum and Order, ECF No. 7.) Based on Plaintiff's history of filing meritless actions, the Court also directed Plaintiff to show cause within thirty days from the date of the Order why he should not be enjoined from filing any future *in forma pauperis* complaints in this Court without first obtaining the Court's permission.[2] (*Id.*) More than thirty days have elapsed and Plaintiff has not responded to the Court's Order.

---

[1] Plaintiff has also filed actions under the name "Harry", "[i]n an obvious effort to avoid" this Court's previous rulings dismissing his meritless and vexatious litigation. *Warren v. Columbia Presbyterian Hospital*, No. 17-cv-6613 (LDH), ECF No. 6, *2 (E.D.N.Y. Nov. 21, 2017).

[2] The Court had previously warned Plaintiff that it would not tolerate vexatious litigation or abuse of the Court's Order to Show Cause procedures. *See Warren*, No. 17-cv-6613 (LDH), ECF No. 6, *3 (E.D.N.Y. Nov. 21, 2017) (outlining Plaintiff's previous abuse of the Court's procedures).

1

Accordingly, it is ORDERED that:

(1) Plaintiff is enjoined from filing any new action seeking *in forma pauperis* status in this Court without first obtaining the Court's permission;

(2) the Clerk of Court is directed to return to Plaintiff, without filing, any new *in forma pauperis* action if it is received *without* a separate application seeking the Court's permission to file;

(3) should the Court grant Plaintiff leave to file a new action, that action shall be filed and assigned a civil docket number; and

(4) should the Court deny Plaintiff leave to file any new proposed action, Plaintiff's submission shall be filed on the Court's miscellaneous docket and a summary order denying leave to file shall be entered, with no further action taken.

Plaintiff is warned that the continued submission of frivolous civil actions or frivolous leave-to-file applications may result in the imposition of additional sanctions, including monetary penalties, upon notice and opportunity to be heard. *See, e.g.*, *Malley v. Corp. Counsel of the City of New York*, 9 F. App'x 58, 59 (2d Cir. 2001) (affirming district court order imposing $1,500 sanction on pro se litigation for any future filings).

Nothing herein shall be construed to prohibit Plaintiff from filing an appeal of this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
July 5, 2018